**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LINDA HAIR** | § | |
| | § | |
| **V.** | § | **C.A. NO. 2:05-CV-00350** |
| | § | |
| **GOLDEN CORRAL CORPORATION** | § | **JURY DEMAND** |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTEHRN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES Plaintiff, Linda Hair, in the above entitled and numbered cause,
complaining of Defendant, Golden Corral Corporation. and respectfully files her Plaintiff's
Second Amended Original Complaint and Request for Jury Trial, and for cause of action would
show unto the Court as follows:

**1.** JURISDICTION AND VENUE

Plaintiff seeks an award within the jurisdictional limits of this court.  This Court has
subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), 1441 and 1446.

**2.** PARTIES

Plaintiff, Linda Hair, is a resident of Aransas County, Texas.

The Defendant, Golden Corral Corporation, is a restaurant doing business in Texas, may
has made an appearance before this Court through its attorney of record.

**3.** FACTS

On or about February 20, 2004, Plaintiff entered the Golden Corral located at Staples and
Williams in Corpus Christi, Texas, hereinafter "the Restaurant," intending to make a purchase of
a meal.  At the time Plaintiff entered the Restaurant, the carpet in the Restaurant was wet.
Defendant failed to provide any physical or verbal notice of the presence of the slippery and/or

wet surface of the carpet.  Plaintiff did not and could not have seen the slippery and/or wet carpet and had no knowledge of the presence of that danger.  While walking in the Restaurant, Plaintiff slipped and fell on the carpet and onto the floor because of the slippery and/or wet carpet. Plaintiff fell with sufficient force to be seriously injured.  Plaintiff's fall caused her serious physical injuries, which injuries and resultant damages were solely and proximately caused by the negligence of Defendant.

**4.**      At the time of the accident made the basis of this lawsuit, the Plaintiff's reason for being on the premises was to purchase a meal at the Restaurant. Because said Restaurant is open to the public and the Plaintiff was in the Restaurant to purchase a meal, the Plaintiff was an invitee on the premises of the Defendant at the time of the accident made the basis of this lawsuit.

**5.**      CAUSE OF ACTION AGAINST DEFENDANT

Plaintiff alleges that upon the occasion in question Defendant was guilty of negligence in at least the following ways:

a.   Creating a known and serious hazard to the customers and employees of the Restaurant and failing to remove any potential hazards;

b.   Failing to post proper notice of the hazard and warn customers in the Restaurant of the dangerous condition of the floor and to warn customers of any potential hazards;

c.   Failing to warn Plaintiff either verbally or through the proper use of barricades of any potential hazards;

d.   Failing to notice the existence of a potentially unsafe condition at the Restaurant;

e.   Failure to notify management or personnel with the Restaurant of a potentially unsafe condition at the Restaurant;

f.   Failure to develop policies and procedures regarding barricade areas when the carpet is wet;

g.   Failing to have policies and procedures in place to barricade areas when the carpet is wet;

- 2 -

h.  Failing to implement policies and procedures to barricade areas when the carpet is wet;

i.  Failing to train employees/management regarding policies and procedures to barricade areas when the carpet is wet;

j.  Failing to supervise employees/management regarding policies and procedures to barricade areas when the carpet is wet;

k.  Failing to barricade areas when the floors;

l.  Failure to create policies and procedures regarding how to properly train employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

m.  Failure to implement policies and procedures regarding how to properly train employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

n.  Failure to enforce polices and procedures regarding how to properly train employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

o.  Failure to train employees regarding safety when the carpet is wet in the common area of the Restaurant;

p.  Failure to supervise employees regarding how to properly train employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

q.  Failure to train management regarding how to properly train employees/management regarding safety when mopping floors in the common area of the Restaurant;

r.  Failure to supervise management regarding how to properly train employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

s.    Failure to create policies and procedures regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

t.    Failure to implement policies and procedures regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

u.    Failure to enforce policies and procedures regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

v.    Failure to train employees regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

w.    Failure to create policies and procedures regarding the maintenance of ice and drink machines/equipment;

x.    Failure to implement policies and procedures regarding the maintenance of ice and drink machines/equipment;

y.    Failure to enforce policies and procedures regarding the maintenance of ice and drink machines/equipment;

z.    Failure to train employees regarding the maintenance of ice and drink machines/equipment;

aa.    Failure to supervise employees regarding the maintenance of ice and drink machines/equipment;

bb.    Failure to train management regarding the maintenance of the ice and drink machines/equipment;

cc.    Failure to supervise management regarding the maintenance of the ice and drink machines/equipment;

dd.    Failure to supervise employees regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant;

- 4 -

ee. Failure to train management regarding how to properly supervise employees/management regarding safety when the carpet is wet in the common area of the Restaurant.

Each and all of the above stated acts or omissions constitute negligence and the same are the proximate cause of the injuries and damages sustained by Plaintiff.

**6.** In the alternative, if it be shown or alleged that the Defendant herein did not own, occupy, or control the subject premises, a party who does not own, occupy, or control premises owes a duty of due care if it undertakes to make the premises safe for others.

**7.**   INJURIES

In the accident of February 20, 2004, which is the basis of this lawsuit, Plaintiff fell down at the Restaurant in Corpus Christi, Texas.  Moreover, Plaintiff twisted her knee and injured her knee in general. She has already had one arthroscopic surgery on her knee and will require a total knee replacement in the future.  Plaintiff's injuries and the effects thereof have caused her to suffer from physical pain and mental pain and anguish.

**8.**   DAMAGES

As of further results of the injuries sustained by the Plaintiff, she has incurred expenses for medical care and attention in an amount currently unliquidated including physician's fees, hospitalizations, medical supplies, medication, nursing services, and therapy. These expenses were incurred for necessary care and treatment for injuries resulting from the accident made the basis of this lawsuit and the charges were reasonable and customary for such services in the place where such services were performed and for this, Plaintiff hereby sues.

**9.** The Plaintiff would show that at all times relevant to the incident made the basis of this lawsuit, all acts were committed by employees, servants, and/or agents of the Defendant who were acting within the course and scope of their employment with the Defendant or were acting under the direction of the Defendant.  Therefore, the Defendant is vicariously liable for all of the acts and/or omissions of any of its employees, servants, and/or agents which were committed within the course and scope of their employment with the Defendant.

10.    As a result of the occurrence above described, Plaintiff, Linda Hair, has suffered severe personal injuries which resulted in damages in the following respects:

      a.      Medical, hospital, and pharmaceutical expenses in the past;

      b.      Medical, hospital, and pharmaceutical expenses which, in reasonable probability, will be incurred in the future;

      c.      Physical pain and suffering in the past;

      d.      Physical pain and suffering which, in reasonable probability, will be suffered in the future;

      e.      Mental anguish suffered in the past;

      f.      Mental anguish which, in reasonable probability, will be suffered in the future;

      g.      Physical impairment in the past;

      h.      Physical impairment which, in reasonable probability, will be suffered in the future;

      i.      Physical disfigurement which the Plaintiff has suffered in the past;

      j.      Disfigurement which, in reasonable probability, will be suffered in the future.

11.    Plaintiff requests trial by jury and the jury fee is paid with the filing of this pleading.

12.    <u>PRAYER</u>

      WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that she has judgment against the Defendant, jointly and severally, for Plaintiff's injuries and damages in an amount not to exceed $500,000.00, for costs of suit, for pre-judgment interest, and for post-judgment interest as provided by law and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**CASSIDY & RAUB, PLLC**

BY: _____
Les Cassidy
State Bar No. 03979270
Federal I.D. No.:  5931
814 Leopard Street
Corpus Christi, Texas  78401
(361) 887-2965  Office
(361) 887-6521  Fax

Attorney in Charge for Plaintiff,
Linda Hair

### <u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing document was forwarded as indicated below, on this 22nd day of December, 2005, to the following:

Timothy D. McMurtrie – *<u>Via Fax 884-7261 and Regular Mail</u>*
ROYSTON, RAYZOR, VICKERY &
WILLIAMS, L.L.P.
606 N. Carancahua
1700 Wilson Plaza West
Corpus  Christi, Texas  78476

_____
Les Cassidy