IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

JUL 1 2 2006

Michael N. Milby, Clerk of Court

| LINDA HAIR | § | |
| --- | --- | --- |
| | § | |
| V. | § | CASE NO. 2:05-CV-350 |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |

### DEFENDANT GOLDEN CORRAL CORPORATION'S
### MOTION FOR DIRECTED VERDICT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Golden Corral Corporation ("Golden Corral"), and files this Motion for Directed Verdict pursuant to Federal Rule of Civil Procedure 50, and moves this Court to grant judgment in its favor and against the Plaintiff on all claims because there is no legally sufficient evidentiary basis for a jury to find for the Plaintiff, and Golden Corral is entitled to judgment as a matter of law. In support of this Motion, Golden Corral would show as follows:

### I.

Plaintiff failed to present evidence that Defendant had notice of a slippery condition in the dining room area where she claims she slipped. Because Plaintiff has failed to present any evidence regarding Golden Corral's notice of an unsafe condition, Golden Corral is entitled to judgment as a matter of law.

### II.

Federal Rule of Civil Procedure 50 provides that a Defendant may move for judgment, as a matter of law, at any time before the submission of a case to the jury.

The only theory of liability asserted by Plaintiff against Golden Corral is premises liability. The elements a Plaintiff must prove in a premises liability action are as follows:

1) the **Defendant had actual or constructive knowledge** of some condition on the premises;

2) the condition posed an unreasonable risk of harm;

3) the Defendant failed to exercise reasonable care to reduce or to eliminate the risk; and

4) the Defendant's failure to exercise reasonable care was the proximate cause of the Plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264-65 (Tex. 1992).

The Plaintiff testified that she slipped on wet carpet in the dining room of the restaurant. Elizabeth Crowl, the only other person who testified to the location of Plaintiff's fall, testified that she fell near the restroom entrance.[1] Moreover, the Plaintiff testified that the spot where she slipped did not appear to be wet and that she only knew that the carpet was wet by feeling water on her hands and pants leg. The only evidence concerning Golden Corral's notice of water on the carpet is Lilia McDonald's testimony. McDonald testified that there was some dampness on the floor near the condiment area; which is some distance from where the Plaintiff and her witness claim that the slip occurred.[2] The Plaintiff has failed to present evidence that Golden Corral had notice 1) that the area in which she allegedly slipped was wet, and 2) that any liquid was present on the carpet in the area that she alleged was wet.

---

[1] See Exhibit "1" Area identified by Elizabeth Crowl as area that was wet and area where slip occurred.

[2] See Exhibit "2" Area marked by Lilia McDonald as damp.

WHEREFORE Defendant, Golden Corral prays that, upon consideration, this Court grant its Motion for Directed Verdict, and that it be awarded such other and further relief to which is may show itself justly entitled.

>Respectfully submitted,
>
>ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
>
>By: _____
>Timothy D. McMurtrie
>State Bar No. 13813900
>Federal I.D. No. 11806
>Jeffrey J. Grime
>State Bar No. 24041012
>Federal I.D. No. 37667
>1300 Frost Bank Plaza
>802 North Carancahua
>Corpus Christi, Texas 78470
>(361) 884-8808
>(361) 884-7261 Facsimile
>
>**ATTORNEYS FOR DEFENDANT**
>**GOLDEN CORRAL CORPORATION**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served by the means indicated to the counsel listed below on this 12th day of July, 2006.

**VIA ELECTRONIC OR HAND DELIVERY**

Mr. Les Cassidy
Cassidy & Raub
814 Leopard Street
Corpus Christi, Texas 78471

_____
OF ROYSTON, RAYZOR, VICKERY WILLIAMS, L.L.P.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA HAIR | § | |
| | § | |
| V. | § | CASE NO. 2:05-CV-350 |
| | § | |
| GOLDEN CORRAL CORPORATION | § | |

## JUDGMENT

CAME ON before the Court for consideration, Defendant Golden Corral Corporation's Motion for Directed Verdict. The Court, having considered the motion, exhibits, and arguments of counsel, if any, is of the opinion that the motion should be and therefore is hereby ~~GRANTED.~~ denied.

~~It is therefore ORDERED, ADJUDGED and DECREED that Defendant Golden Corral Corporation have Judgment in its favor and that Plaintiff, Linda Hair, take nothing against Defendant Golden Corral Corporation by way of this suit. Costs are taxed against Plaintiff.~~

SIGNED this __12__ day of __July__, 2006.

_____
CHIEF JUDGE HAYDEN W. HEAD, JR.
UNITED STATES DISTRICT JUDGE



